UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GAIL MALONEY                                           CIVIL ACTION

VERSUS                                                 NO. 19-10884

ANDREW SAUL, COMMISSIONER                              SECTION "R" (2)
OF THE SOCIAL SECURITY
ADMINISTRATION


**ORDER AND REASONS**

On June 4, 2019, plaintiff filed a complaint[1] under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying plaintiff's applications for disability insurance and supplemental security income. During the administrative review procedure, Administrative Law Judge ("ALJ") Richard M. Exnicios found that plaintiff was not disabled for the purpose of her applications.[2] Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2(B), this case was referred to Magistrate Judge Karen Wells Roby. Magistrate Judge Roby found that the ALJ's finding on plaintiff's "residual functional capacity"[3] was not based

---

[1] R. Doc. 1.
[2] R. Doc. 8-2 at 27.
[3] The Social Security Administration ("SSA") defines residual functional capacity ("RFC") as "the most [an allegedly disabled person] can do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). The SSA uses

on substantial evidence.[4] Therefore, Magistrate Judge Roby recommended that this Court reverse the ALJ's decision and remand to allow for a full consideration on the record.[5]

Defendant did not object[6] to Magistrate Judge Roby's R&R. Consequently, this Court reviews the R&R for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court finds no plain error. Therefore, the Court adopts Magistrate Judge's Roby's R&R as its opinion.

Accordingly, the ALJ's decision denying plaintiff's applications is REVERSED AND REMANDED for a full consideration on the record.

New Orleans, Louisiana, this __30th__ day of September, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

a person's RFC "to decide if [she] can do [her] past relevant work." 20 C.F.R. §§ 404.1545(a)(5)(i); 416.945(a)(5)(i). According to the SSA, the person is not disabled if she can do past relevant work. *See* 20 C.F.R. §§ 404.1520(f); 404.1560(b); 416.920(f); 416.960(b)(3).
4   R. Doc. 13 at 10.
5   *Id.*
6   R. Doc. 14.

2