UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GAIL MALONEY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-10884** |
| **ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION** | **SECTION: "R" (4)** |

## REPORT AND RECOMMENDATION

The Plaintiff, Gail Maloney ("Plaintiff"), has filed **Application for Attorney's Fees (Rec. Doc. 16)** pursuant to the Equal Access to Justice Act ("EAJA"). The matter has been referred to the undersigned Magistrate Judge to determine the appropriate amount and to submit Proposed Findings and Recommendations pursuant to Title 28 U.S.C. § 636 (b)(1)(B).[1]

### I.  Background

On June 4, 2019, the Plaintiff filed a complaint against the Defendant the Commissioner of the Social Security Administration ("the Commissioner"). Rec. Doc. 1, p. 1. The Plaintiff alleged that the Commissioner improperly denied her disability insurance benefits. *Id*.

The Magistrate Judge issued a Report and Recommendation on September 15, 2020, recommending that the Commissioner's decision to deny the Plaintiff's disability insurance benefits be reversed and remanded. Rec. Doc. 13. The Report and Recommendation was adopted. Rec. Doc. 15. The Court, accordingly, remanded the matter for a new hearing and a reconsideration of the record. *Id.*

On November 21, 2020, the Plaintiff filed a motion for attorney's fees pursuant to EAJA, 28 U.S.C. § 2412 (d)(1)(A). Rec. Doc. 16. The Plaintiff requested attorney's fees of $3,193.75, which represents 18.25 hours of work at a rate of $175.00 per hour. Rec. Doc. 16-1, p. 1.

---

[1] *See* Rec. doc. 25, Order of Reference (Vance, S.).

The Commissioner filed a response in opposition on November 25, 2020. Rec. Doc 19. The Commissioner only challenges the attorney's entitlement to the fee award, citing *Astrue v. Ratliff* for the proposition that the fee is payable to the Plaintiff who may then compensate the lawyer. Rec. doc. 19, p. 1 (citing *Astrue v. Ratliff*, 560 U.S. 586, 588 (2010)). The Commissioner further questions the appropriateness of court costs of $400 because the costs were not specified and that EAJA does not permit the award of costs. *Id.*

## II.   Scope of Recoverable EAJA Fees

Under EAJA, a prevailing party is entitled to attorney's fees in any civil action brought by or against the United States unless the court finds that the United States was "substantially justified or that special circumstances make an award unjust." *See* 28 U.S.C. § 2412 (d)(1)(A). Section 2412 (d) serves two purposes: "to ensure adequate representation for those who need it *and* to minimize the costs of this representation to taxpayers." *Baker v. Bowen*, 839 F.2d 1075, 1083 (5th Cir. 1988) (emphasis in original). Both goals need to be considered when evaluating the Plaintiff's motion.

There is no dispute that the Plaintiff was the prevailing party, the application of fees was timely and proper, or that the number of hours requested was reasonable. Further, the Commissioner's position was not substantially justified where it is apparent from the face of the motion the fee applicant is Ms. Maloney, the prevailing party.

The only issue is the hourly rate to be awarded. The Court must determine what hourly rate for fees would be reasonable.

## III.   Reasonable Hourly Rate

The Court must determine a reasonable hourly rate to award.[2] Under Section 2412, reasonable attorney's fees are "based upon prevailing market rates for the kind and quality of the

---

[2] *See Clark v. Am. Marine Corp.*, 320 F. Supp. 709, 711 (E.D. La. 1970), *aff'd*, 437 F.2d 959 (5th Cir. 1971). In reference to attorneys' fees, "the criterion for the court is not what the parties agreed but what is reasonable."

2

services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Using measures like the attorney's usual non-contingent hourly rate or the prevailing market rate charged in the relevant community for similar legal services, the Fifth Circuit has applied the "lodestar" method for determining the reasonableness of attorneys' fees. *Brown v. Sullivan*, 917 F.2d 189, 190 (5th Cir. 1990). Under this approach, "the number of attorney hours expended on litigation multiplied by a reasonable hourly rate" is what is known as "lodestar". *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). However, the product of the lodestar calculation can be adjusted based on the twelve (12) factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

Additionally based on the statute, other adjustments can be made to the attorneys' fees. Any requested rates higher than the statutory cap of $125 needs to be justified by an increase in the cost of living or a special factor. However, while the statute allows for hourly rate adjustment, it does not require it. *Baker*, 839 F.2d at 1075. EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006).

IV.  **The Prevailing Market Rate**

The Plaintiff carries the burden of proof for showing that the requested rate is in line with the prevailing market rate. *See Blum v. Stenson*, 468 U.S. 886, 895 n. 11 (1984). The Plaintiff contends that she is entitled to attorneys' fees in the amount of $3,193.75, based on an hourly rate of $175.00 per hour. The plaintiff has not provided any information concerning the prevailing

market rate. Case law, however, shows that the prevailing rate is $175 in New Orleans. *See Kolb v. Colvin*, 2016 WL 258621 at *2 (E.D. La. Jan. 27, 2016) (Brown, D.J.)("This Court has previously awarded attorneys' fees at a rate of $175 per hour in Social Security appeals for work performed in 2013, 2014, and 2015."); *Hallaron v. Colvin*, No. CIV.A. 12-2051, 2015 WL 4042144 (Vance, D.J.) (E.D. La. July 1, 2015); *Dubois v. Soc. Sec. Admin.*, No. CIV.A. 13-2438, 2014 WL 6485639 (Knowles, M.J.) (E.D. La. Nov. 18, 2014). Further, the prevailing rate is not challenged as reasonable by the Commissioner and is therefore deemed reasonable *per se*.

## V. **Hours Reasonably Expended**

Next, the Court must determine whether the attorney's time spent on this case is reasonable. The fee applicant bears the burden of supporting the reasonableness of all time expenditures. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Moreover, district courts have considerable discretion in this area because of its familiarity with the case and the attorneys. *See Associated Builder & Contractors, Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir. 1990).

First, the Court notes the 18.25 hours requested by the plaintiffs is not in dispute. Rec. Doc. 21-2, p. 2. Moreover, the Court having reviewed the billing entries finds the entries are reasonable. As such, the Court finds that a total of 18.25 hours is total reasonable number of hours expended.

## VI. **Award of Costs.**

The plaintiff also seeks $400.00 in court costs but failed to specify the nature of the costs. Rec. doc. 19. In this case, the plaintiff has not provided documentation supporting the costs. Consequently, the cost request is denied.

## VII. **Recommendation**

Accordingly,

**IT IS RECOMMENDED** that the Plaintiff's **Motion for Attorneys' Fees (Rec. Doc. 16)** be **GRANTED** and that the Plaintiff be awarded reasonable attorney's fees in the amount of **$3,193.75**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation within **fourteen (14)** days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 11th day of February 2021.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**